IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| WILLIS WALKER | § | |
| v. | § | CIVIL ACTION NO. 5:22cv70-RWS-JBB |
| DERRIC McFARLAND, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Willis Walker, an inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 complaining of alleged deprivations of his constitutional rights. The named Defendants are Judge Tidwell of the 202nd Judicial District Court of Bowie County, defense attorney Derric McFarland, and the Bowie County prosecutor.

**I. The Plaintiff's Claims**

In his complaint, Plaintiff states that McFarland told him that he had received Plaintiff's legal work (i.e. work which Plaintiff had done) but could not present this work in court. When they were in court, McFarland said from the podium "I told you that you could not submit any legal work." Plaintiff contends that the Fifth Amendment gives him the right to speak on his behalf, so he turned to Judge Tidwell and asked how he could submit legal documents on his own behalf. Judge Tidwell told him to "take it up with your counselor." Plaintiff stated that he believed it was the duty of the judge to remind the attorney of Plaintiff's Fifth Amendment rights. Plaintiff also complains that the Bowie County prosecutor said that he would submit to the grand jury two 25 to life sentences and file on the Plaintiff as a habitual criminal. For relief, Plaintiff asks that unspecified "action be taken" against the Defendants.

**II. Discussion**

Plaintiff has not contacted the Court since filing his lawsuit in June of 2022. Consequently, his case may be dismissed for failure to prosecute. However, his lawsuit suffers from more significant flaws.

Private attorneys, even court-appointed attorneys, are not state actors and thus are not subject to suit under 42 U.S.C. § 1983. *Calzada v. Zarate*, slip op. no. 23-50361, 2023 WL 8470634, at *2 (5th Cir., December 7, 2023), (citing *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)). Plaintiff has failed to state a claim upon which relief may be granted against defense attorney McFarland.

Plaintiff next complains that Judge Tidwell told him to "take it up with your counselor" and did not remind McFarland of Plaintiff's Fifth Amendment rights. Plaintiff cannot obtain monetary damages from Judge Tidwell for actions taken in his judicial capacity because he is shielded by the doctrine of judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Davis v. Tarrant County*, 565 F.3d 214, 221 (5th Cir. 2009). Such immunity does not apply in two circumstances: where the challenged action is not taken in the judge's judicial capacity, and where the action, though judicial in nature, is taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id*. The Fifth Circuit has explained in this regard that "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *May v. Sudderth*, 97 F.3d 107, 110-111 (5th Cir. 1996), (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)); *see also Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir.), *cert. denied*, 492 U.S. 921 (1989) (judge is absolutely immune from all judicial acts "not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive"); *Burks v. Price*, civil action no. 6:13cv746, 2015 U.S. Dist. LEXIS 74720 at *29 (E.D. Tex. 2015), *aff'd* 654 F.App'x 670 (5th Cir. 2016).

Plaintiff's pleadings demonstrate that he wishes to sue Judge Tidwell for actions taken in the exercise of his judicial function, and he makes no showing that Judge Tidwell acted in the complete

absence of all jurisdiction. To the extent Plaintiff's claim for relief may be read as seeking injunctive relief, such claim fails because injunctive relief against judicial officers may not be granted "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The facts alleged by Plaintiff do not make a plausible claim for injunctive relief because they do not support either of these circumstances. *See Machetta v. Moren*, 726 F.App'x 219, 220 (5th Cir. 2018). Plaintiff has failed to state a claim against Judge Tidwell.

Finally, Plaintiff sues the Bowie County prosecutor, asserting that the prosecutor said he would submit to the grand jury two 25 to life sentences and charge Plaintiff as a habitual criminal. Prosecutors are absolutely immune from § 1983 suits in their individual capacities for actions that are within the scope of their prosecutorial duties. *Brooks v. George County, Miss.*, 84 F.3d 157, 168 (5th Cir.1996) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir.1984); *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir.1980). The decision to file or not file criminal charges is protected by prosecutorial immunity. *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir.1990).

In addition, Plaintiff has not shown that he has standing to seek injunctive relief against the prosecutor because he has not shown that he has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged conduct. The mere fact that the prosecutor stated that he was going to submit certain charges to the grand jury does not constitute a direct threat, let alone an immediate one. *Quinn v. Roach*, 326 F.App'x 280, 293 (5th Cir. 2009) (statement by prosecutors that they were capable of re-urging child abuse charges against the plaintiff was not a direct or immediate threat). In any event, absent extraordinary circumstances, principles of comity and federalism mitigate against federal court intervention in pending state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 41 (1971). Plaintiff has failed to state a claim upon which relief may be granted against the Bowie County prosecutor.

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint that provides only naked assertions that are devoid of further factual enhancement. *Id.* at 678.

Plaintiff's allegations fail to set out sufficient facts that, taken as true, state a claim for relief that is plausible on its face because none of the defendants whom he names are amenable to suit. His lawsuit may be dismissed for failure to state a claim upon which relief may be granted and, alternatively, for failure to prosecute; in the interest of justice, however, this dismissal should be without prejudice.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute and failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed finding is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 15th day of December, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE